## OTT BANKER v. STATE.

No. A-9012.   April 18, 1936.
(56 Pac. [2d] 1205.)

Meacham, Meacham & Meacham, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

214

DOYLE, J. The information in this case filed in the district court of Custer county, February 13, 1933, charged that W. D. McCombs, Doc Thomas, and Ott Banker, did in said county on or about the 11th day of January, 1933, commit the crime of assault and battery with a deadly weapon, towit, a razor, with intent to kill one Dennie Dexter.

The record shows that defendant R. D. McCombs pleaded guilty, and after serving time was released from the penitentiary some time in December, 1934, and that defendant Doc Thomas upon his separate trial was acquitted.

Upon appellant's trial, the jury returned a verdict finding "the defendant, Ott Banker, guilty of assault and battery with a dangerous weapon, without justifiable or excusable cause with intent to do bodily harm, although without intent to kill, as charged in the information, and are unable to agree upon the punishment. However, if possible under the law, ask the court to show leniency in passing sentence."

On the 17th day of April, 1935, after motion for a new trial had been filed and overruled, the court rendered judgment and he was sentenced to imprisonment in the state penitentiary for a term of 15 months. To reverse the judgment he appeals.

Frank Sturgis testified:

"I was at Harry's Cafe, and I saw there was something going on at Dexter's Cafe, down about the middle of the block, I saw R. D. McCombs come out, I walked down there and just as I walked in Doc Thomas had hold of Dennie Dexter, when he turned his head I saw blood, Dennie said, 'Frank, don't let that fellow get away, he cut me with a razor.' "

W. S. Currell testified:

"My place of business is two blocks east of Dexter's Cafe. I saw R. D. McCombs, Dock Thomas and Ott Banker there, R. D. McCombs said, 'Give me a razor,' but I did not see anybody give him a razor. That Banker held Dennie's head while McCombs cut him."

Clayton Bingenheimer testified:

"I went down there and Dennie was having trouble with Doc Thomas, trying to put him out of the restaurant, and Banker was kinda over against the east wall, I turned around and walked back to Harry's Cafe to call the law, as I came back Doc was crossing the street and there was another fellow over there. Dennie said, 'There goes the fellow that cut me.' The fellow he pointed out was R. D. McCombs."

Ida Bingenheimer testified:

"I have a confectionary first door east of Dexter's Cafe, I heard a racket in the cafe and followed my son. Ott Banker was standing on the sidewalk, when he saw me he ran, Doc Thomas was in the restaurant scuffling with Dennie, and Dennie was trying to put him out. Then I saw Doc Thomas run down the street."

Frank Russell testified:

"I was going west up Frisco, I saw T. B. George come out of this place and run across the street, when I got up to the cafe Dennie Dexter and Doc Thomas were fighting, Dexter finally threw him out of the cafe and pushed out Banker and McCombs and maybe another one, they asked him to go back in and they went back in and the rowing started again, I walked up to Harry's Cafe to find a policeman, there was no one there, so I went back and Dennie threw him out again. Ott Banker slipped the McCombs boy a razor and I went back to Harry's Cafe and asked the girl there to call the police office and tell them to send some one down there to stop the fight, when I came back down there Dennie Dexter's neck had been cut."

The complaining witness, Dennie Dexter, was not called as a witness.

The defendant, as a witness in his own behalf, testified:

"I was sitting in my car in front of Dexter's Cafe, R. D. McCombs came along and went into the restaurant. An argument started in there and I got out and went to the door, Doc Thomas and T. B. George got into a scrap, Dennie asked me to help take them out of there and I did. Dennie said, 'Come and get him, I am going to hit him,' and Dennie had a pop bottle in his hand, I took him and shoved him out of the door and I said, 'Doc, don't go back in there.' R. D. McCombs lives in Oklahoma City. The day before I saw him about Dennie's place all doped up on whisky. I did not have a razor any time that evening and didn't hand R. D. McCombs or anybody a razor, I didn't see a razor there that evening. Dennie came out and I said, 'Dennie, get in the car and I'll take you to the hospital,' and Clayton Bingenheimer said, 'No, I will take him,' and I sat around there until Edd Phelps arrested me. I never at any time had hold of Dennie Dexter, the only time I touched him was when I took the pop bottle out of his hand to keep him from hitting Doc with it. Doc Thomas was drunk and R. D. McCombs was crazy drunk."

The record shows that after the jury retired to deliberate upon its verdict the foreman sent to the court a note which reads:

"Is it within our power to assess a sentence and at the same time ask the Court to suspend the sentence?
"J. H. Hooks, Foreman."

Whereupon the court sent to the jury the following statement: "You are instructed that under the law of this state a suspended sentence can not be given a person convicted of a crime if he is more than 21 years of age."

The principal assignment of error, relied upon for a reversal of the judgment, is that the trial court erred in overruling the application for a continuance.

When the case was called for trial the defendant filed the following motion for a continuance:

"Comes now the defendant, Ott Banker and moves the court to continue this case for this term for the reason that a witness of the defendant, R. D. McCombs, is not in attendance on the court and not here where he can be used as a witness of the defendant, that said witness has been duly subpoenaed; that said witness if present would testify that the defendant Ott Banker never at any time had the razor with which said witness cut Dennie Dexter; that said witness would further testify that said razor was his own personal property, and that the same had not been in the possession of the defendant, Ott Banker, at any time and that said witness would further testify that said Ott Banker never at any time handed him a razor of any kind; said defendant further shows to the court that said witness was subpoenaed to testify in this case at the last term or the last session of this court, which said last session was on the 4th of March, 1935, that said witness appeared here ready to testify; that said witness was subpoenaed at this time in the same manner and place as he was subpoenaed at this last said session, and the defendant further shows the court if this case was continued for the time that he would be able to have said witness present to testify in this case.

"Defendant now asks the court and states that he is ready to offer evidence to prove these things set out in this motion."

The defendant in support of this motion called Miss Lauriena King, court clerk of Custer county, who identified exhibits 1 and 3, admitted in evidence, which were subpoenas on which there were orders signed by the district judge, requiring the attendance of the witness, R. D. McCombs, who resides at 116 West Reno, Oklahoma City, and showing that service was obtained on the 6th day of March, 1935, by Stanley Rogers, sheriff of Oklahoma county; that one of said subpoenas issued on the 2d day of

March, 1935, and in response to said subpoena the witness R. D. McCombs was in attendance in said court; that the case was not reached and was reset for trial in April, at which time the continuance in question was asked; the other subpoena was issued to secure the attendance of said witness at the time the continuance in question was asked.

A. H. Meacham testified in part as follows:

"I want to further state that I talked to R. D. Mc-Combs when he was here the last session of this court and he stated to me that he would testify to the things set out in this motion.

"The Court: I am just inclined to feel that it fails to show due diligene in getting the witness here. The motion for continuance will be overruled. Exception reserved."

Section 3018, Procedure Criminal (St. 1931) provides as follows:

"Every witness summoned in a criminal action pending in a district, superior or county court shall take notice of the postponements and continuances and when once summoned in such action shall, without further notice or summons, be in attendance upon such action, as such witness, until discharged by the court."

Under this provision no subpoena was necessary for the witness at the time in question, because he had been duly subpoenaed and was in attendance in court. Said subpoena ordered as follows:

"You are commanded to appear before the district court of the county of Custer, state of Oklahoma, at Arapahoe, on the 11th day of March, 1935, at the hour of 9 o'clock a. m. of said day, and remain in attendance on and call of said court from day to day and term to term until lawfully discharged as a witness in a criminal

action prosecuted by the state of Oklahoma, against R. D. McCombs, Ott Banker and Doc Thomas, on behalf of the defendant."

Ordinarily, the granting or refusing of a continuance is in the discretion of the court, and its decision will not be disturbed on appeal, unless it appears that there has been an abuse of such discretion. However, a continuance ought always to be granted when, from the showing, justice requires it to be done, and to enable a defendant to procure all competent evidence necessary for his defense, if he has used due diligence to obtain the same. Technical objection should not ordinarily prevent the granting of a continuance, if it appears necessary to a proper presentation of defendant's case.

Upon the record before us we are inclined to think that the trial court exceeded its discretionary power in refusing to grant the continuance. The application conforms to the requirements of the statute, and the diligence to procure the attendance of the absent witness, R. D. McCombs, was sufficient. For this reason, the court was in error in finding that the application fails to show due diligence to secure the attendance of said witness.

When an application for a continuance has been denied, this court will look to the entire record with a view of determining whether or not an abuse of discretion is shown.

The only witness who testified to the facts alleged in the application was the defendant himself, and the testimony of the absent witness was material to his defense, and it reasonably appears that the attendance of said witness could be secured by a continuance.

Speedy trials for the prompt enforcement of criminal laws, however desirable, should only obtain with due re-

gard for the rights of the accused, to enable him to have a fair trial.

We think that in this case it was manifest error to refuse a continuance.

Other assignments of error go to matters which we deem unlikely to occur in the event of another trial.

For the reasons stated, the judgment is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.